IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00226-BNB

ERNEST WEST,

    Plaintiff,

v.

DENVER COUNTY JAIL WARDEN,
DENVER RECEPTION AND DIAGNOSTIC WARDEN,
SGT. HARRIS, D.R.D.C. Infirmary,
BUENA VISTA MIN, CT. WARDEN,
SGT. DWYER, B.V.M.C.,
STERLING COR. FACILITY WARDEN MILYARD, and
EXECUTIVE DIRECTOR JOE ORTIZ,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 7 2007

GREGORY C. LANGHAM
CLERK

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Ernest West, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling, Colorado, Correctional Facility. Mr. West initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The Court must construe the Complaint liberally because Mr. West is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. West will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and finds that it is deficient because Mr. West fails to allege specific facts that demonstrate how all named Defendants personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Therefore, Mr. West will be ordered to file an Amended Complaint to allege personal participation. To establish personal participation, Mr. West must show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, a defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that Mr. West file **within thirty days from the date of this Order** an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. West, together with a copy of this Order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that if Mr. West fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED March 7, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00226-BNB

Ernest West
Prisoner No. 111617
Sterling Correctional Facility
PO Box 6000 - Unit 33
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 3/7/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk