IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00226-BNB

ERNEST WEST,

    Plaintiff,

v.

DENVER COUNTY JAIL WARDEN,
DENVER RECEPTION & DIAGNOSTIC WARDEN,
SGT. HARRIS, D.R.D.C. Infirmary,
BUENA VISTA MIN. CT. WARDEN,
SGT DYWER, B.V.M.C.,
STERLING CORR. FACILITY WARDEN MILYARD, and
JOE ORTIZ, Executive Director,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 1 2007

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

On April 18, 2007, Plaintiff Ernest West, a state prisoner, filed a *pro se* Motion for a Preliminary Injunction. In the Motion, Plaintiff claims that the nurse practitioner, Joann Stock, refuses to give him pain medication for the pain he has in his left arm and shoulder. He further asserts that Lieutenant Kelmoila, Officer Beach, and Officer Veik deny him the ability to practice his religion in the day room. He also contends that Officer Beach harasses him daily and denied him his evening meal on one occasion. Mr. West further states he has an upcoming trial and requests that the Court direct correctional officers and medical staff to refrain from threatening him and his witnesses with harm because of their involvement in the trial.

The Court must construe the Motion for Preliminary Injunction liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Therefore, for the reasons stated below, the Motion for Preliminary Injunction will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to them outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

With respect to Plaintiff's request that correctional officers be restricted from threatening him with harm, Mr. West fails to allege any specific facts that demonstrate he is facing immediate and irreparable injury. Plaintiff's only claim is that Officer Beach harasses him daily, and that on one occasion she denied him his evening meal. Verbal harassment and threats without more do not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Plaintiff's claim of possible future harassment is speculative. He does not allege with any specificity how he may be harassed in violation of his constitutional rights simply because he may be involved in a trial.

As for Plaintiff's pain medication claim and his First Amendment claim, a heightened burden applies to preliminary injunctions that disturb the status quo. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991). A preliminary

2

injunction disturbing the status quo "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." ***Schrier***, 427 F.3d at 1259 (citing ***O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft***, 389 F.3d 973, 977 (10th Cir. 2004)). Therefore, Plaintiff has an "even heavier burden of showing that the four factors listed above weigh heavily and compellingly in [his] favor before such an injunction may be issued," with respect to his pain medication and First Amendment claims. ***SCFC***, 936 F.2d at 1098.

Status quo is defined as "the last uncontested status between the parties which preceded the controversy . . . ." ***Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.***, 269 F.3d 1149, 1155 (10th Cir. 2001) (citing ***SCFC***, 936 F.2d at 1100 n. 8). "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." ***SCFC***, 936 F.2d at 1100.

Here, Plaintiff seeks to obtain pain medication free of charge and to practice his religion in the day room. If the Court were to grant Plaintiff's request Plaintiff's relationship with the named individuals in the Motion would be changed. His requests, therefore, are requests for disfavored injunctions and are more closely scrutinized.

Plaintiff states that he has a prescription for pain medications. He further asserts that he is able to obtain the medications from the canteen, but that he can not afford to buy the medications "all the time" from the canteen. (Motion at 1.) The Court further finds, upon review of Plaintiff's inmate account statement, that he receives money on a

3

regular basis from an outside source, and that he purchases items from the canteen on a regular basis. (Doc. No. 1 at Attach.) Based on the Court's findings, Plaintiff fails to make a strong showing that he would succeed on the merits with respect to his request that he receive pain medications free of charge.

As for his First Amendment claim that he is not allowed to practice his religion in the day room, the claim is vague and conclusory. He asserts that Officer Veik told him he may not talk about Jesus in the day room. (Mot. at 2.) Plaintiff contends that he should be free to practice his religion as a "Jehovah's Witnesses," and to exercise his right to freedom of speech. (Mot. at 2.) Without more, Plaintiff fails to make a strong showing that he would succeed on the merits of a First Amendment claim.

Morever, the Court finds that because the individuals named in the Motion are not parties to the action Plaintiff is not able to obtain injunctive relief in the instant action against these individuals. Accordingly, it is

ORDERED that the Motion for a Preliminary Injunction, filed on April 18, 2007, is denied.

DATED at Denver, Colorado, this 10 day of May, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00226-BNB

Ernest West
Prisoner No. 111617
Sterling Correctional Facility
PO Box 6000 - Unit 33
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/11/07

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk