IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00226-REB-KLM

ERNEST WEST,

    Plaintiff,

v.

DENVER COUNTY JAIL WARDEN,
DENVER RECEPTION & DIAGNOSTIC WARDEN,
SGT. HARRIS, D.R.D.C Infirmary,
BUENA VISTA MIN. CT. WARDEN,
SGT. DWYER, B.V. M.C.,
STERLING CORRECTIONAL FACILITY WARDEN MILYARD, and
JOE ORTIZ, Executive Director,

    Defendants.

_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

By an Order entered January 31, 2007 (Doc. # 2) plaintiff was granted leave to proceed *in forma pauperis* and by subsequent Order of March 5, 2007 (Doc. # 6) plaintiff was granted leave to proceed *in forma pauperis* without payment of an initial partial fling fee pursuant to 28 U.S.C. § 1915(b)(1).  Pursuant to § 1915(b)(2), plaintiff is required to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full.  In the Order granting plaintiff leave to proceed *in forma pauperis*, plaintiff was instructed either to make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment.  In order to show cause, plaintiff was directed

to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.

In reviewing the inmate account statements filed by the plaintiff since the Court's Order of March 5, 2007, beginning with the account statement filed on April 26, 2007 for the preceding month March income credit, the inmate account statement reflects that the account balance started with a positive $2.42 and $50.00 was deposited into the account in March 2007. During the month of March plaintiff spent $5.73 in canteen orders and $3.72 for postage and copies.

The plaintiff's inmate account statement filed on May 17, 2007 for the preceding month April income credit reflects $55.74 in income deposited into the account in April 2007. During the month of April the plaintiff spent $47.15 in canteen orders and $21.54 for postage and copies.

The plaintiff's certified inmate account statement filed on June 25, 2007 for the preceding month May income credit reflects $54.40 of income deposited into the account in May 2007. During the month of May the plaintiff spent $45.37 in canteen orders and $10.32 in postage and copies.

The plaintiff's certified inmate account statement filed on July 19, 2007 (Doc. # 36) for the preceding month June income credit reflect $64.16 of income deposited into the account in June 2007. During the month of June the plaintiff spent $1.98 in postage and copies.

The plaintiff's certified inmate account statement filed on August 21, 2007 (Doc.

# 49) for the preceding month July income credit reflects $9.36 deposited into the account in July.  Plaintiff spent 44 cents on canteen orders and $16.85 in postage and copying.

The plaintiff certified inmate account statement filed on September 14, 2007 (Doc. # 51) for the preceding month August income credit reflects $57.12 deposited into the account in August 2007.   Plaintiff spent $5.02 on canteen orders and $10.85 in postage and copying and $18.94 to "replace state property."

The plaintiff certified inmate account statement filed on October 15, 2007 (Doc. # 57) for the preceding month September income credit reflects $59.66 deposited into the account in September 2007.  Plaintiff spent $28.56 in canteen orders and $9.44 in postage and copying.

According to the amount set out above, and setting aside the month of July because the income credited to his account was less than $10.00, the total amount of income deposited into the plaintiff from March to September was $286.68.  Plaintiff should have paid $57.34 into the court registry towards his filing fees.   Plaintiff's canteen orders for that period of time were $131.83 and he spent $57.85 in postage and copies and $18.94 in replacing state property.

28 U.S.C. § 1915(b) was adopted to create "monetary and procedural disincentives to the fling of meritless cases." *Christiansen v. Clarke,* 147 F. 3d 655, 657 (8th Cir. 1998).  Congress' main purpose in passing this provision of the PLRA was to deter inmates from filing frivolous federal lawsuits by requiring them to pay the filing fee. *Murry v. Dosal,* 150 F.3d 814, 816 (8th Cir. 1998).  The statute's fee provisions

3

require "indigent prisoners for the first time to make the same prudential decisions about the merits of their lawsuits that everyone else makes before filing." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). As the Tenth Circuit has stated, making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for nonpayment. *See Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003) ("when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, "he has demonstrated an implied evaluation of that suit" that the courts should be entitled to honor. *Roller v. Gunn*, 107 F. 3d 227, 233 (4th Cir. 1997). In the instant case, plaintiff chose to allocate his income between his purported personal needs and his legal obligations.

As indicated by the above cases, only when plaintiff's account balance exceeds ten dollars, or when the monthly deposits exceed ten dollars, are funds required to be paid towards his filing fee. This cannot mean that plaintiff is free to spend deposited funds as soon as they are deposited in order to get below the ten dollar minimum, otherwise plaintiff would be free of any obligation to pay such fees. *See Losee, supra,* 113 F. Supp 2d at 1352. Plaintiff chooses to allocate his income in favor of his desired purchases rather than pay his filing fee of twenty percent of the preceding month's income.

Plaintiff has failed to make the required monthly payments based on the income

received in April through September 2007.  Therefore, on or before **November 15, 2007**, plaintiff shall pay into the court registry **$57.34** or show cause why he cannot.  If not ordered to pay this amount, an inmate plaintiff has "nothing to lose and everything to gain" from suing.  *Roller, supra*, 107 F.3d at 232.

It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause.  Such a procedure unreasonably burdens the Court.  Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a **current** certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.  Plaintiff is advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment.  *See Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003). If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis* entered April 23, 2007.

IT IS ORDERED that by the **15th day** of **each** month hereafter plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if

payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

DATED: October 29, 2007.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge