IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00226-REB-KLM

ERNEST WEST,

   Plaintiff(s),

v.

DENVER COUNTY JAIL WARDEN,
DENVER RECEPTION & DIAGNOSTIC WARDEN,
SGT. HARRIS, D.R.D.C Infirmary.
BUENA VISTA MIN. CT. WARDEN
SGT. DWYER, B.V. M.C.,
STERLING CORRECTIONAL FACILITY WARDEN MILYARD, and
JOE ORTIZ, Executive Director,

   Defendant(s).
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

   Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 [Docket No. 6; filed March 5, 2007]. Section 1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the fee for filing his Complaint (the "filing fee") is paid in full. By Order dated October 29, 2007, Plaintiff was instructed to make such payments or to show cause why he cannot do so [Docket No. 61]. Although Plaintiff did not respond directly to the Order to Show Cause, he filed a pleading entitled "Second

1

Notice""Additional Parties" [sic] which addresses the payment issue in a post-script "Note." [Docket No. 66; Filed November 20, 2007]. Defendants Denver Reception & Diagnostic Warden, Sgt. Harris, Buena Vista Minimum Center Warden, Sgt. Christopher Dwyer and Sterling Correctional Facility Warden Kevin Milyard filed a Response regarding the Order to Show Cause on December 18, 2007 [Docket No. 81]. The Court has reviewed the relevant pleadings and exhibits and this matter is ripe for determination.

I respectfully RECOMMEND that this action be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to comply with his obligation to make payments towards the filing fee.

**I.     Factual Background**

In reviewing the inmate account statements filed by Plaintiff since the Court's Order of March 5, 2007, beginning with the account statement filed on April 26, 2007 [Docket No. 15] for the preceding month (March), it is apparent that Plaintiff's account balance started with a positive $2.42 and that $50.00 was deposited into the account in March 2007. During the month of March, Plaintiff spent $5.73 in canteen orders and $3.72 for postage and copies.

Plaintiff's inmate account statement filed on May 17, 2007 [Docket No. 20] for the preceding month (April) reflects $55.74 in income deposited into the account in April 2007. During the month of April the plaintiff spent $47.15 in canteen orders and $21.54 for postage and copies.

Plaintiff's certified inmate account statement filed on June 25, 2007 [Docket No. 25]

for the preceding month (May) reflects $54.40 of income deposited into the account in May 2007. During the month of May the plaintiff spent $45.37 in canteen orders and $10.32 in postage and copies.

Plaintiff's certified inmate account statement filed on July 19, 2007 [Docket No. 36] for the preceding month (June) reflects $64.16 of income deposited into the account in June 2007. During the month of June the plaintiff spent $1.98 in postage and copies.

Plaintiff's certified inmate account statement filed on August 21, 2007 [Docket No. 49] for the preceding month (July) reflects $9.36 deposited into the account in July. Plaintiff spent $.44 on canteen orders and $16.85 in postage and copying.

Plaintiff's certified inmate account statement filed on September 14, 2007 [Docket No. 51] for the preceding month (August) reflects $57.12 deposited into the account in August 2007. Plaintiff spent $5.02 on canteen orders and $10.85 in postage and copying and $18.94 to "replace state property."

Plaintiff's certified inmate account statement filed on October 15, 2007 [Docket No. 57] for the preceding month (September) reflects $59.66 deposited into the account in September 2007. Plaintiff spent $28.56 in canteen orders and $9.44 in postage and copying.

Plaintiff's certified inmate account statement filed on November 20, 2007 [Docket No. 64] for the preceding month (October) reflects $60.30 deposited into the account in October 2007. Plaintiff spend $9.85 in canteen orders and $28.62 in postage and copying.

According to the inmate account statements detailed above, and setting aside the

month of July because the income credited to Plaintiff's account was less than $10.00, the total amount of income deposited into the Plaintiff's account from March to October 2007 was $346.98. During that time period, Plaintiff should have paid $69.40 into the court registry towards his filing fee. Instead, during that time Plaintiff spent $141.68 at the canteen, $86.47 in postage and copies and $18.94 in replacing state property. During the same period of time and until the date of this Recommendation, Plaintiff has failed to pay <u>any</u> money into the court registry towards his filing fee.

On November 20, 2007, Plaintiff filed his "Second Notice" "Additional Parties" [Docket No. 66], which states, in relevant part, "[i]t truly isn't fair to the Plaintiff to have to spend his elderly mother's money to pay for his lawsuit .... I'm asking the Honorable District Court to have mercy on me in not spending my mother's money at this time in paying for my filing fee. All the money that my mother sends me have [sic] to go for paying for legal copies, mail, as well as hygienes [sic], in which [sic] take up all of the money that my mother sends me every other month or so." P. 5-6.

Plaintiff has offered no credible explanation why, since March of 2007, he has failed to make payments towards his filing fee or to show cause each month why he cannot pay. In fact, the "Second Notice" that Plaintiff submitted to the Court illustrates that Plaintiff is aware that he is required to make payments towards his filing fee, but instead has chosen to spend the money on canteen orders, copies or postage. Plaintiff has not complied with the Court's Order issued on October 29, 2007.

**II.    Discussion**

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set out the factors to be considered when evaluating grounds for dismissal of an action. These factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubbers Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D.Colo. 1996).

### 1. Prejudice to the Defendants

From a review of his case file, I find that Plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay his filing fee by presenting verified copies of his inmate account statements has not delayed the progression of his case toward resolution, nor have defendants been prejudiced or adversely impacted. I note, however, that the purpose behind requiring a prisoner to pay his filing fee is to deter frivolous prisoner litigation. *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997); *Butler v. Compton*, 2006 WL 1547308, *3 (D.Colo. 2006). Defendants, like the courts, are burdened by frivolous cases. Thus, Defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

In addition, as the circuit court explained in *Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003):

> The issue here is not money per se. The issue, rather, is

5

> respect for the judicial process and the law. Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court. In disposing of this appeal, we have occasion to set forth the duties of indigent prisoners with respect to the payment of filing fees.
>
> * * *
>
> These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.

(Internal quotations and citations omitted).

### 2. Interference with the Judicial Process

Plaintiff has failed to comply with this Court's Order to Show Cause issued October 29, 2007. Plaintiff's persistent failure to follow the Court's orders with respect to his obligation to pay the filing fee, and the Court's continual review of his file and issuance of orders regarding the filing fee, increase the workload of the Court and interfere with the administration of justice.

### 3. Culpability of the Plaintiff

Plaintiff has, without reasonable excuse, ignored the order to make payments towards the filing fee or to show cause why he cannot do so [Docket No. 6]. Plaintiff was ordered to show cause why his case should not be dismissed for the failure to make payments or to show cause why he cannot do so [Docket No. 61]. Plaintiff failed to do both. Plaintiff's filing on November 20, 2007 [Docket No. 66] illustrates that Plaintiff is fully aware that he is obligated make payments into the court registry toward his filing fees, but

6

has made the choice to ignore this obligation. It is well documented in his inmate account statements that Plaintiff chooses to spend his income on canteen orders, postage and copies. As a result, I conclude that Plaintiff is responsible for his noncompliance.

### 4. Advance Notice of Sanction of Dismissal for Noncompliance

Plaintiff was warned that he risked dismissal of his case if he continued to fail to make payments towards the filing fee or to show cause why he cannot do so [Docket No. 61]. Despite that warning, Plaintiff failed to make any adequate showing excusing his failures to comply with this Court's orders to make his monthly payments or show cause why he cannot do so.

### 5. Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective. Plaintiff is proceeding *in forma pauperis*; as such, a monetary sanction would be ineffective. Because the injury from Plaintiff's failures to comply is principally to the judicial system, and not to Defendants, a sanction limiting evidence would bear no substantial relation to the misconduct. Under these circumstances, no lesser sanction would be effective and dismissal without prejudice is an appropriate sanction.

## III. Conclusion

I respectfully RECOMMEND that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or to show cause each month that he has no assets with which to make the monthly payment.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: December 20, 2007