IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00226-REB-KLM

ERNEST WEST,

    Plaintiff(s),

v.

DENVER COUNTY JAIL WARDEN,
DENVER RECEPTION & DIAGNOSTIC WARDEN,
SGT. HARRIS, D.R.D.C Infirmary.
BUENA VISTA MIN. CT. WARDEN
SGT. DWYER, B.V. M.C.,
STERLING CORRECTIONAL FACILITY WARDEN MILYARD, and
JOE ORTIZ, Executive Director,

    Defendant(s).
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's *pro se* Motion for **Preliminary Injunction** [Docket No. 67; filed November 20, 2007]. The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motion, Defendants' Responses [Docket No. 77; filed December 14, 2007; Docket No. 89; filed January 4, 2008], the case file, and applicable case law and

1

is sufficiently advised in the premises. For the reasons provided below, I respectfully recommend that the Motion [Docket No. 67] be **DENIED**.

In his Motion [Docket No. 67], Plaintiff contends that dangerous inmates have been placed in his cell by officers of the Sterling Correctional Facility. Plaintiff further asserts that he has been assaulted and threatened by these inmates. Plaintiff requests that the Court direct Sterling Correctional Facility to transfer him to another prison.

As an initial matter, I find that Plaintiff's Motion for Preliminary Injunction must fail because the named Defendants lack the authority to provide Plaintiff with the relief he desires, namely a transfer to a different facility. Defendants state that "[p]ursuant to CDOC Administrative Regulation 600-1, all inmate placement and transfer decisions are made by the CDOC Office of Offender Services. . . . [L]ateral facility transfers . . . must be approved by the Office of Offender Services." *Response*, p. 3, Ex. A, pgs. 6-11. Defendants correctly point out that, as the CDOC and its related offices are not parties to this lawsuit, Plaintiff is not able to obtain injunctive relief in the instant action. *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction . . . is binding only upon the parties to the action . . . .")

In the alternative, Plaintiff is unable to meet his burden to show that a preliminary injunction is necessary. A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the

party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* . It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).

"Because the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Id.* at 1258-59. (internal quotation marks and citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Plaintiff seeks a mandatory preliminary injunction requiring Defendants to transfer him to another correctional facility. The relief sought would alter the status quo rather than preserve it. For these reasons, the injunctive relief sought by Plaintiff "constitutes a

3

specifically disfavored injunction" that "must be more closely scrutinized." *Id.* at 1259, 1261.

First, Plaintiff must show that he will suffer irreparable injury if his request for preliminary injunction is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heidman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1235, 1250 (10th Cir. 2001)). The party seeking the preliminary injunction must show that "the injury complained of is of such imminence that there is a clear and present need for equitable relief." *Heidman*, 348 F.3d at 1189. Plaintiff states that he was assaulted on two occasions by "dangerous inmates" placed in his cell. *Motion*, p. 1. Plaintiff also asserts that a "mentally ill" inmate placed in his cell threatened to stab him with a pencil. *Id.* Plaintiff's vague and unsubstantiated claims fail to demonstrate more than "merely serious or substantial" harm.

Next, Plaintiff must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. Plaintiff has not addressed or demonstrated whether the alleged harm to him outweighs the potential damage the injunction may cause Defendants or whether an injunction would not be adverse to the public interest. Plaintiff has failed to meet his burden regarding these

4

two requisite elements.

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claim. *Schrier*, 427 F.3d at 1258. Plaintiff brings an Eighth Amendment claim of cruel and unusual punishment. As discussed, *supra*, Plaintiff states that he was assaulted on two occasions and that a "mentally ill" inmate placed in his cell threatened to stab him with a pencil. *Motion*, p. 1. Without more than these two unsupported statements, Plaintiff fails to make a strong showing that he would succeed on the merits of an Eighth Amendment claim. *See, e.g., Bellmon*, 935 F.2d at 1110 (holding that a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."); *Bryant v. National Football League*, 2007 WL 3054985, *2 (D.Colo. 2007) (holding that unverified, conclusory allegations will not support a motion for temporary restraining order).

Accordingly, as Plaintiff's Motion is directed towards non-parties, and as Plaintiff has failed to satisfy the four prerequisites to obtaining a preliminary injunction, I respectfully **RECOMMEND** that the Motion [Docket No. 67; filed November 20, 2007] be **DENIED**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review

of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:
\_\_s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: January 30, 2008