IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00226-REB-KLM

ERNEST WEST,

    Plaintiff,

v.

DENVER COUNTY JAIL WARDEN,
DENVER RECEPTION & DIAGNOSTIC WARDEN,
SGT. HARRIS, D.R.D.C. Infirmary,
BUENA VISTA MIN. CT. WARDEN,
SGT. DWYER, B.V.M.C,
STERLING CORRECTIONAL FACILITY WARDEN MILYARD, and
JOE ORTIZ, Executive Director,

    Defendants.

## ORDER ADOPTING RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND GRANTING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on 1) the plaintiff's motion for **Preliminary Injunction** [#67], filed November 20, 2007; 2) the **CDOC Defendants' Response To Plaintiff's Motions Regarding Payment of Filing Fees and Motion To Dismiss For Failure To Comply With Court Orders** [#81], filed December 18, 2007; 3) the **Recommendation of United States Magistrate Judge** [#83], filed December 20, 2007; 4) the **Recommendation of United States Magistrate Judge** [#94], filed January 30, 2008; 5) the **Combined Motion and Brief in Support of Motion To Dismiss Amended Prisoner Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)** [#33] filed July 5, 2007; and 6) **CDOC**

**Defendants' Motion To Dismiss** [#42] filed August 13, 2007.

I adopt the recommendation [#83], filed December 20, 2007; I adopt the recommendation [#94], filed January 30, 2008; I deny the motion for preliminary injunction [#67]; I grant the CDOC defendants' motion to dismiss [#81]; and I deny as moot the motions to dismiss [#33 & 42].

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendations to which objections have been filed, and have considered carefully the motions, recommendations, objections, and applicable caselaw. In addition, because the plaintiff, Ernest West, is proceeding *pro se*, I have construed his filings generously and with the leniency and deference due *pro se* litigants. **See Erickson v. Pardus**, ___ U.S.___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. FAILURE TO MAKE FILING FEE PAYMENTS

In her recommendation [#83], filed December 20, 2007, the magistrate judge recommends that the plaintiff's complaint be dismissed without prejudice as a sanction for the plaintiff's failure to make monthly filing fee payments, or to show cause why he could not make payments, as ordered by the court. Having reviewed the record, I conclude that West's failure to make filing fee payments, or to show cause why he could not make filing fee payments, warrants and requires dismissal without prejudice of his case as a sanction.

West was granted leave to proceed *in forma pauperis* on January 31, 2007. *Order Directing Clerk To Commence Civil Action and Granting Plaintiff Leave To Proceed Pursuant to 28 U.S.C. § 1915* [#2], filed January 31, 2007. He was ordered to pay a partial filing fee of $8.00 within 30 days or to show cause why he was without the means

2

to do so.  In addition, West was ordered thereafter to make monthly payments of 20 percent of the preceding month's income credited to his trust fund account or to show cause why he was without the means to do so.  *Id.*  Under 28 U.S.C. § 1915(b)(2), West is required to make "monthly payments of 20 percent of the preceding month's income credited to [his] account" until the filing fee is paid in full. West was cautioned "that if within the time allowed the plaintiff fails to have the designated initial partial filing fee or monthly payments sent to the clerk of the court or to show cause as directed above whey he has no assets and no means by which to pay the designated initial partial filing fee or make the monthly payments, the Prisoner Complaint will be dismissed without prejudice without further notice."  *Id.* at 3.

On February 20, 2007, West filed a copy of his inmate account statement [#5] and asserted that he did not have the funds to pay the initial partial filing fee.  On March 5, 2007, the court issued an Order Granting Plaintiff Leave To Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee [#6].  This order repeated the requirement that West make monthly payments to the court of 20 percent of his income for the preceding month, or show cause each month why he has no means to make a payment. *Order Granting Plaintiff Leave To Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee* [#6], filed March 5, 2007.  On March 15, 2007, West filed an inmate account statement [#8], and again represented that he did not have funds to make a filing fee payment.

In her recommendation, the magistrate judge accurately reviewed each of the eight account statements [#15, #20, #26, #36, #49, #51, #57, #64] West filed with the court between April 26, 2007, and November 20, 2007.  From the perspective of a prison

3

inmate, West had significant income during this period. The magistrate judge found correctly that

> During that time period, Plaintiff should have paid $69.40 into the court registry towards his filing fee. Instead, during that time Plaintiff spent $141.68 at the canteen, $86.47 in postage and copies and $18.94 in replacing state property. During the same period of time and until the date of this Recommendation, Plaintiff has failed to pay <u>any</u> money into the court registry towards his filing fee.

*Recommendation of United States Magistrate Judge* [#83], filed December 20, 2007, p. 4.

On October 29, 2007, the magistrate judge issued an Oder Directing Plaintiff To Make Monthly Filing Fee Payment or To Show Cause [#61]. In response to this order, West filed on November 20, 2007, a document captioned "'Second Notice' 'Additional Parties'" [#63]. In his "Second Notice," West outlines his income and expenses, and notes that he receives 50 dollars from his mother about every other month. *Second Notice* [#66], p. 4. After outlining his income and expenses, West argues that it "truly isn't fair to West to have to spend his elderly mother's money to pay for his lawsuit." *Id.*, p. 5. Along with his "Second Notice," West filed a motion [#63], filed November 20, 2007, asking the court to provide documents that West says he believed to be necessary for him to submit partial filing fee payments. Attached to this motion [#63] is a "Request for Interview," dated October 31, 2007, in which West requests that five dollars be sent to the court as a partial payment of his filing fee. On the reverse side of the "Request for Interview" a prison official informs West that he must "fill out the misc," an apparent reference to a miscellaneous withdrawal ticket, and then "send this with an addressed stamped envelope and proper letter to the court identifying specific court action case." *Motion* [#63], filed November 20, 2007, p. 4. Thus, as of late-November, 2007, West is aware of at least one method by which to make payments to the court.

4

On December 3, 2007, West filed a similar motion [#71] asking the court to provide a "'garnishment order,'" which West says he believed to be necessary for him to make filing fee payments. The magistrate judge directed the defendants to respond to West's motions [#63 & #71], in an order [#73] entered December 4, 2007. The Colorado Department of Corrections (DOC) defendants filed a response to West's motions concerning payment of filing fees [#81] on filed December 18, 2007. In this filing, the DOC defendants also move for dismissal of West's complaint based on his failure to make filing fee payments.[1] The DOC defendants outlined the two facile procedures for inmates to use to make filing fee payments. *DOC defendants' response* [#81], filed December 18, 2007, pp. 1 - 2. One method is for the inmate to submit a money order request to inmate banking. *Id*. If the inmate has a positive balance, the money is withdrawn and sent to the payee. The second method is for the inmate to submit to inmate banking a copy of the court order requiring payment of the filing fee. "Once the order is submitted to Inmate Banking, 20% of all incoming deposits are automatically withdrawn from the inmate account and applied toward the oldest filing fee case of record based on the date the order were received." *Id*. p. 2. Either the court or the inmate may submit the order to inmate banking. *Id.*

In his response [#90] to this information, filed January 8, 2008, West says he was not aware of these two avenues for payment of his filing fee. West included with this filing a copy of a Request for Interview form, dated November 23, 2007, in which West requests that deductions be made from his inmate account for his filing fee. *Response*

---

[1] I note that D.C.COLO.LCivR 7.1.C provides that a "motion shall not be included in a response or reply to the original motion."

5

[#90], filed January 8, 2008, Exhibit A. The DOC's response to this request indicates that West must provide a garnishment order from the court. *Id*. However, I note that West previously was informed by DOC officials of one available method to make filing fee payments, consistent with the first payment method noted by the DOC in its response. *See Motion* [#63], filed November 20, 2007, p. 4 (Request for Interview & response). Again, this method is for the inmate to submit a money order request to inmate banking. If the inmate has a positive balance, the money is withdrawn and sent to the payee. *Motion* [#63], filed November 20, 2007, p. 4. On February 5, 2008, West made his first filing fee payment [#95], in the amount of eight dollars. This payment was precipitated by the magistrate judge's recommendation [#83] and the CDOC defendants' motion to dismiss [#81].

"[B]efore dismissing a prisoner's complaint for failure to comply with an order regarding partial payments toward a filing fee, the district court should ordinarily take reasonable steps to ascertain whether the prisoner attempted to comply with the fee order by authorizing prison officials to withdraw required payments." **Cosby v. Meadors**, 351 F.3d 1324, 1331 (10th Cir. 2003). West did not reasonably attempt to comply with the fee order by authorizing prison officials to withdraw required payments. If such a plaintiff has "in fact directed the prison to make the required payments and the prison (has) failed to do so, it (still is the) Plaintiff's obligation to notice this lapse and not spend the money until the required payments were made to the court." *Id*. p. 1332. In this case, as in **Cosby**, West "did not refrain from spending the monies owed to the district court; rather, he repeatedly drained his account by making discretionary withdrawals. Had Plaintiff retained the money he owed for filing fees in this case, he would have had sufficient funds in his account to

6

remit all the past-due amounts" when he was called to account for his failure to make payments on his filing fee. *Id*.

As the magistrate judge noted correctly, the factors outlined in ***Ehrenhaus v. Reynolds***, 965 F.2d 916, 921 (10th Cir. 1992), must be considered before dismissing a plaintiff's complaint as a sanction for failure to comply with the court's orders. The ***Ehrenhaus*** factors include 1) the amount of actual prejudice to the opposing party; 2) the degree of interference with the judicial process; 3) the litigant's culpability; 4) whether the litigant was warned in advance that dismissal was a likely sanction; and 5) whether a lesser sanction would be effective. *See **Cosby***, 351 F3. at 1333.

Here, I conclude that the magistrate judge analyzed correctly the first factor – the actual prejudice to the opposing party. Concerning the second ***Ehrenhaus*** factor – the degree of interference with the judicial process – I agree with the analysis *pro tanto* of the magistrate judge. Additionally, I find and conclude that two federal judicial officers and their staffs have been constrained to expend prodigally an inordinate amount of scarce judicial resources and time cajoling West for months to do what little is required to maintain his action in federal court. Of the 97 entries in this case on the court's electronic filing and case management system, not less than 30 entries – some 31 percent – pertain directly to the issue of payment of fees. Thus, the interference with the judicial process has been substantial. This factor weighs heavily in favor of dismissal.

The third factor is the litigant's culpability. West's consistent filing of account statements, the inaccurate information arguably given to him about the need for a garnishment order, and West's recent effort to begin making filing fee payments all tend to extenuate West's ostensible culpability. However, these matters in mitigation are

7

substantially outweighed by West's pertinacious intransigence otherwise. West could and should have complied with the straightforward, unambiguous, lawful orders of this court. If West faced problems in arranging to make filing fee payments, then it is West's obligation "not (to) spend the money until the required payments (are) made to the court." *Id*. p. 1332. West cannot credibly or cogently claim that he did not know the means for making filing fee payments. I explicitly reject West's plea that it "isn't fair to West to have to spend his elderly mother's money to pay for his lawsuit." *Second Notice* [#66], p. 4. If West wishes to pursue this lawsuit, then he must accept the responsibility of making filing fee payments from <u>any</u> source of funds that may come into his account. The source of the money is not a relevant consideration. On balance this third **Ehrenhaus** factor weighs heavily in favor of dismissal.

Considering the fourth factor – whether the litigant was warned in advance that dismissal was a likely sanction – the magistrate judge noted correctly that West has been warned repeatedly that he faces dismissal of his case as a sanction for failure to follow the court's orders. As a precondition to dismissal, this fourth factor has been satisfied completely.

The fifth factor is the efficacy of a lesser sanction. It took nothing short of a motion to dismiss [#81] and magistrate judge's recommendation [#83] that this case be dismissed to induce West to make his first filing fee payment. The totality of relevant circumstances indicates that a lesser sanction will not be sufficient to cause West to comply consistently with the court's orders concerning the payment of his filing fee. This fifth **Ehrenhaus** factor weighs heavily in favor of dismissal.

On balance, I conclude that the **Ehrenhaus** factors warrant and require dismissal

8

without prejudice of West's case as a sanction for West's persistent non-compliance with the court's easily satisfied orders concerning payment of the modest filing fee. Thus, I accept, approve, and adopt the magistrate judge's recommendation [#83], filed December 20, 2007.

## II. MOTION FOR PRELIMINARY INJUNCTION

The **Recommendation of United States Magistrate Judge** [#94], filed January 30, 2008, addresses West's motion for **Preliminary Injunction** [#67], filed November 20, 2007. West has not filed any objection to this recommendation. Therefore, I review the recommendation only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] I find and conclude that the magistrate judge's recommendation is detailed and well reasoned, and should be approved and adopted.

## III. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#83], filed December 20, 2007, is **APPROVED AND ADOPTED** as an order of this court;

2. That the motion to dismiss stated in the **CDOC Defendants' Response To Plaintiff's Motions Regarding Payment of Filing Fees and Motion To Dismiss For Failure To Comply With Court Orders** [#81], filed December 18, 2007, is **GRANTED** on the terms stated in these orders;

3. That the **Recommendation of United States Magistrate Judge** [#94], filed January 30, 2008, is **APPROVED AND ADOPTED** as an order of this court;

---

[2] This standard pertains even though plaintiff is proceeding *pro se.* **Morales-Fernandez**, 418 F.3d at 1122.

9

4. That the plaintiff's motion for **Preliminary Injunction** [#67], filed November 20, 2007, is **DENIED**;

5. That the **Combined Motion and Brief in Support of Motion To Dismiss Amended Prisoner Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)** [#33] filed July 5, 2007, is **DENIED** as moot;

6. That **CDOC Defendants' Motion To Dismiss** [#42] filed August 13, 2007, is **DENIED** as moot;

7. That **JUDGMENT SHALL ENTER** under Fed.R.Civ.P. 58(b) for the defendants, Denver County Jail Warden, Denver Reception & Diagnostic Warden, Sgt. Harris, D.R.D.C. Infirmary, Buena Vista Min. Ct. Warden, Sgt. Dwyer, B.V.M.C., Sterling Correctional Facility Warden Milyard, and Joe Ortiz, Executive Director, against the plaintiff, Ernest West;

8. That the defendants, Denver County Jail Warden, Denver Reception & Diagnostic Warden, Sgt. Harris, D.R.D.C. Infirmary, Buena Vista Min. Ct. Warden, Sgt. Dwyer, B.V.M.C., Sterling Correctional Facility Warden Milyard, and Joe Ortiz, Executive Director, are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

9. That this case is **DISMISSED** without prejudice.

Dated March 18, 2008, at Denver, Colorado.

                                          **BY THE COURT:**

                                          s/ Robert E. Blackburn
                                          Robert E. Blackburn
                                          United States District Judge